JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1.
 {¶ 2} Defendant-appellant, Renita Burke ("Burke"), appeals her sentence. Finding no merit to the appeal, we affirm.
 {¶ 3} Burke, along with 11 other defendants, were indicted in a multi-count indictment stemming from their involvement in a mortgage-fraud scheme. Burke was charged with six counts: (1) theft by deception, a violation of R.C. 2913.02, (2) securing a writing by deception, a violation of R.C. 2913.42, (3) receiving stolen property, a violation of R.C. 2913.51, (4) identity fraud, a violation of R.C. 2913.49, (5) tampering with records, a violation of R.C. 2914.42, and (6) falsification, a violation of R.C. 2921.13. Under a plea agreement, Burke pled guilty to an amended count of aggravated theft, a violation of R.C. 2913.02, a felony of the fifth degree, and all other counts of the indictment were dismissed. The trial court accepted her plea and later sentenced her to 11 months in prison and ordered her to pay court costs.
 {¶ 4} Burke appeals, raising the following single assignment of error:
 {¶ 5} "Defendant-appellant's sentence of 11 months for a first-time offender was inconsistent with similar sentences imposed for similar offenses upon co-defendants and other felony 5 offenders and constituted a manifest injustice."
 {¶ 6} As recently addressed by the Ohio Supreme Court in State v.Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, we review felony sentences by applying a two-prong approach. See, also, State v. Redding, 8th Dist. No. 90864, 2008-Ohio-5739, ¶ 7; *Page 4 State v. Snyder, 8th Dist. No. 90869, 2008-Ohio-5586, ¶ 9. First, the Kalish court declared that we must "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Kalish at ¶ 4.[1] Second, "[i]f the first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 7} Applying the foregoing test, we find that Burke's sentence is neither contrary to law nor an abuse of discretion.
 {¶ 8} Relying on the Ohio Supreme Court's decision in State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-5165, Burke argues that the trial court failed to make the necessary findings to impose more than a minimum sentence. She further contends that her sentence was not consistent with sentences imposed for similarly-situated offenders. Burke's arguments, however, lack merit.
 {¶ 9} First, the Ohio Supreme Court in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, abrogated Comer and held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give reasons for imposing maximum, consecutive, or more than the *Page 5 
minimum sentences." Id. at paragraph three of the syllabus. Thus, Burke's argument that the trial court failed to make the necessary findings fails as a matter of law.
 {¶ 10} Although Foster eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact, setting forth the statutory factors that the trial court must consider when imposing its sentence.State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855; Kalish at ¶ 13. To the extent that Burke implies that the trial court failed to consider the necessary statutory factors prior to imposing her sentence, we disagree.
 {¶ 11} R.C. 2929.11(A) sets forth the overriding purpose of felony sentencing in Ohio and provides in relevant part:
 {¶ 12} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
 {¶ 13} R.C. 2929.12 provides a nonexhaustive list of factors a trial court shall consider when determining the seriousness of the offense and recidivism of the offender. *Page 6 
 {¶ 14} As recognized by the Kalish court, R.C. 2929.11 and 2929.12 are not fact-finding statutes; rather, they "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." Id. at ¶ 17; see, also, Redding, supra, at ¶ 13. "In considering these statutes in light of Foster, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." Kalish at ¶ 17.
 {¶ 15} Here, the record reflects that the trial court considered the factors in R.C. 2929.11 and 2929.12. First, the trial court imposed a sentence within the permissible statutory range and properly applied postrelease control. Accordingly, her sentence is not contrary to law.
 {¶ 16} Second, in considering the factors of R.C. 2929.11 and 2929.12, the court acknowledged that, although Burke had never been convicted of a felony prior to the instant case, she was a key player in the mortgage-fraud scheme, which involved over a million dollars. The court further refuted Burke's claim that she was a victim in the scheme and stated that Burke acknowledged that she was going to be rewarded for her participation in the scheme. Given Burke's lack of remorse, her significant role in the scheme, and the severity of the fraud, we do not find that Burke's sentence was unreasonable, arbitrary, or unconscionable. Thus, the trial court's decision to impose a prison sentence and not community control sanctions was not an abuse of discretion.
 {¶ 17} Finally, as for Burke's claim that her sentence is disproportionate to the sentences imposed for her co-defendants or other similarly situated offenders, Burke *Page 7 
failed to raise this argument below. This court has repeatedly recognized that in order to support a contention that a "sentence is disproportionate to sentences imposed upon other offenders, a defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal." Redding, supra, at ¶ 18, fn. 7, quoting State v. Edwards, 8th Dist. No. 89181, 2007-Ohio-6068, ¶ 11; see, also, State v. Kay, 8th Dist. No. 90360, 2008-Ohio-4580, ¶ 44;State v. Knight, 8th Dist. No. 89534, 2008-Ohio-579, ¶ 58; State v.Woods, 8th Dist. No. 82789, 2004-Ohio-2700, ¶ 53.
 {¶ 18} Because Burke failed to raise the proportionality issue in the trial court, she has not preserved the issue for appeal and we decline to address it.
 {¶ 19} Having found that Burke's sentence was neither contrary to law nor an abuse of discretion, we overrule her sole assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
FRANK D. CELEBREZZE, JR., J., and JAMES J. SWEENEY, J., CONCUR.
[1] We recognize that Kalish is merely persuasive and not necessarily controlling because it has no majority. The Supreme Court split over whether we review sentences under an abuse-of-discretion standard in some instances. *Page 1