[Cite as *State v. Musselman*, 2013-Ohio-1584.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

       Plaintiff-Appellee

v.

MARK D. MUSSELMAN


       Defendant-Appellant

Appellate Case No.    25295

Trial Court Case No.   2005-CR-5085/1

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of April, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by R. LYNN NOTHSTINE, Atty. Reg. #0061560, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

MARK D. MUSSELMAN, Inmate No. 555-139, Chillicothe Correctional Institution, 15802 S.R. 104 North, P.O. Box 5500, Chillicothe, Ohio 45601
      Defendant-Appellant, *pro se*

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}   Defendant-Appellant, Mark Musselman, appeals *pro se* from a trial court order denying his motion for modification or correction of his sentence.   Musselman contends that the trial abused its discretion and committed plain error by imposing a disproportionate and inconsistent sentence contrary to statutory sentencing guidelines.   Musselman also contends that the trial court abused its discretion and committed plain error by failing to correct multiple sentences for allied offenses of similar import that are contrary to statutory guidelines.   Finally, Musselman contends that the trial court abused its discretion and committed plain error by imposing a fine and restitution order that is contrary to law.

{¶ 2}   We conclude that all of Musselman's arguments could have been raised on direct appeal and are barred by *res judicata*.   Accordingly, the judgment of the trial court will be affirmed.

I.   Facts and Course of Proceedings

{¶ 3}   Following a jury trial, Musselman was convicted in April 2007 on one count of Engaging in a Pattern of Corrupt Activity (Count One); one count of Aggravated Theft by Deception ($100,000 or more) (Count Two); nine counts of Forgery involving a value of $100,000 or more (Counts Three to Eleven); 25 counts of Forgery involving a value of $5,000 to $100,000 (Counts Twelve to Thirty-Six); and 12 counts of Tampering with Government Records (Counts Thirty-Seven to Forty-Eight).   Musselman was sentenced to the following terms of imprisonment: five years on Count One; two years on Count Two; two years each on Counts

Three to Eleven, to be served concurrently with each other; twelve months each on Counts Twelve to Thirty-Six, to be served concurrently with each other; and two years each on Counts Thirty-Seven to Forty-Eight, to be served concurrently with each other. Counts One and Two were to be served consecutively to each other and consecutively to the other remaining counts, resulting in a total term of imprisonment of twelve years. The trial court also imposed restitution of $1,151,150, and a fine of $3,450,000 on Count One.

{¶ 4} We affirmed Musselman's conviction and sentence in January 2009. *See State v. Musselman*, 2d Dist. Montgomery No. 22210, 2009-Ohio-424. Regarding the factual background, we noted that:

> The present appeal stems from Musselman's involvement in a scheme to buy properties through a mortgage-broker business under the forged names of recently deceased people. According to the State, Musselman and his partner, Mark Edwards, falsified documents so a mortgage lender would loan far more money on the property than the selling price. The additional money was paid to the B & B Foundation, an organization established by Musselman and Edwards, ostensibly for repairs to the properties. The State alleged, however, that the funds deposited into the B & B Foundation account were used for the personal gain of Musselman and Edwards. The State's case was based on transactions involving twelve properties. The buyers of these properties all were dead at the time of the real estate transactions. *Id.* at ¶ 3.

{¶ 5} On appeal, Musselman raised seven assignments of error, one of which was that the trial court had "erred in convicting him of allied offenses of similar import." *Id.* at ¶ 22. In

this regard, Musselman argued that:

> [E]ngaging in a pattern [of] corrupt activity, aggravated theft by deception, forgery, and tampering with government records are all allied offenses of similar import. [Musselman] asserts that "there existed only one intent throughout the scheme, defrauding lenders through [his] brokerage company." He further argues that all of the offenses had "similar" elements, particularly "the intent to defraud through falsified documents." In his reply brief, Musselman suggests that all of his offenses should merge into one offense of engaging in a pattern of corrupt activity.
>
> *Id.*

{¶ 6} After applying R.C. 2941.25 and the analysis set forth in *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999), we found Musselman's argument to be without merit. *Musselman* at ¶ 23-40. Several months later, the Supreme Court of Ohio declined to accept Musselman's appeal. *See* 06/03/2009 Case Announcements, 2009-Ohio-2511 (declining to hear the appeal in *State v. Musselman*, Ohio Supreme Court Case No. 2009-0459).

{¶ 7} Subsequently, in February 2011, Musselman filed a motion asking the trial court to correct or modify its "void" sentence. Musselman filed another motion in June 2011, asking the court to take judicial notice of *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. In *Johnson,* the Supreme Court of Ohio overruled *Rance*, and held that "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.* at syllabus.

{¶ 8} In July 2012, the trial court issued an order overruling Musselman's motion to correct or modify his sentence. The court concluded that Musselman's arguments were barred by

*res judicata*.   Musselman appeals from the trial court order overruling his motion.

## II.   Is the Argument that the Sentence is Disproportionate

## Barred by *Res Judicata*?

**{¶ 9}**      Musselman's First Assignment of Error states as follows:

The Trial Court Abused its Discretion and Plainly Erred to the Prejudice of Appellant when Imposing the Disproportionate and Inconsistent Sentence Contrary to Statutory Sentencing Guidelines.

**{¶ 10}**      Under this assignment of error, Musselman contends that his sentence is contrary to law and is disproportionate because it is harsher than the six-year sentence imposed on his co-defendant, who allegedly had the same "record" and committed the same offenses. Musselman also points to cases in which other defendants received lighter sentences for engaging in similar criminal activity.   For example, in *State v. Burke*, 8th Dist. Cuyahoga No. 91081, 2009-Ohio-118, the defendant was sentenced to 11 months in prison based on her participation in a mortgage-fraud scheme that involved more than a million dollars.   *Id.* at ¶ 3 and 16.

**{¶ 11}**      As a preliminary matter, we note that "[a] postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment."   *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994), citing *State v. Crowder*, 60 Ohio St.3d 151, 573 N.E.2d 652 (1991).   "Postconviction review is a narrow remedy, since *res judicata* bars any claim that was or could have been raised at trial or on direct appeal."   (Citations omitted.) *Id.*

**{¶ 12}**      In *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), the Supreme Court of Ohio stressed that:

Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. (Emphasis added.) *Id.* at 176, paragraph nine of the syllabus.

{¶ 13} Because Musselman could have raised the proportionality of his sentence on direct appeal, his claim is barred by *res judicata*. The First Assignment of Error is overruled.

### III. Is the Issue of Merger Barred by *Res Judicata*?

{¶ 14} Musselman's Second Assignment of Error states that:

The Trial Court Abused its Discretion and Plainly Erred, Denying Appellant Equal Protection of the Laws and the Protection from Double Jeopardy, when Failing to Correct the Multiple Sentences for Allied Offenses of Similar Import Contrary to Statutory Guidelines.

{¶ 15} As was noted, Musselman raised the allied offenses issue during his direct appeal. We rejected his argument, relying on *Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699. *Musselman*, 2d Dist. Montgomery No. 22210, 2009-Ohio-424, at ¶ 23-40.

{¶ 16} *Rance* provided that "[u]nder an R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract." *Rance* at 633, paragraph one of the syllabus. Subsequently, the Supreme Court of Ohio overruled *Rance*, and held that "[w]hen determining whether two offenses are allied

offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at syllabus.

{¶ 17}  Musselman contends that *Johnson* should be retroactively applied, and that his offenses were not committed separately, nor were they committed with a separate animus. Musselman also argues that the trial court's failure to merge the allied offenses at sentencing was contrary to law, and that his sentence, therefore, is void.

{¶ 18}  We rejected similar arguments in *State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730.  We noted in *Parson* that:

> Defendant argues that the trial court's judgment and his resulting sentence are void.  Under Ohio law, "a sentence that is not in accordance with statutorily mandated terms is void." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 233, ¶ 8.  A void sentence "is not precluded from appellate review by principles of *res judicata*, and may be reviewed at any time, on direct appeal or by collateral attack." *Id.* at paragraph one of the syllabus.  "Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12. Moreover, "defendants with a voidable sentence are entitled to resentencing only upon a successful challenge on direct appeal." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 30.

> The claims raised in Defendant's motion to correct void judgment or sentence demonstrate that, at most, his claim is that his sentence is voidable.

Defendant does not claim that his sentence is not in conformity with statutorily mandated terms, or is not provided for by law, or even that the sentence fails to comply with the formal requirements of R.C. 2941.25. To the extent that the trial court may have erred at the time of sentencing in finding that the felonious assault and kidnapping charges were not allied offenses of similar import, Defendant's sentence would be voidable, but in no way is the sentence illegal so as to render it void.

Arguments challenging the imposition of a sentence that is voidable are barred by the doctrine of *res judicata* if not raised on direct appeal. *Simpkins*, at ¶ 30. Since Defendant's sentence, assuming his allied offense argument had merit, would be voidable, he is barred by the doctrine of *res judicata* from challenging his sentence on those grounds collaterally through his "Motion to Correct Void Judgment or Sentence." *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶ 10-11 ("allied-offense claims are nonjurisdictional," and, thus, barred by the doctrine of *res judicata* where they were raised, or could have been raised, on direct appeal).

Further, as the State argues in its brief, Defendant cannot rely on the Supreme Court's recent decision in *Johnson* because "[a] new judicial ruling may be applied only to cases that are pending on the announcement date. * * * The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." (Citations omitted.) *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819

N.E.2d 687, ¶ 6. (Emphasis added.) *Parson* at ¶ 8-11, referring to *Johnson*, 128

Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.

{¶ 19} Other appellate districts have reached the same conclusion regarding voidness. *See State ex rel. Porterfield v. McKay,* 11th Dist. Trumbull No. 2012-T-0012, 2012-Ohio-5027, ¶ 15 (noting that "[i]n applying both the general rule and the single exception to alleged errors involving the merger of allied offenses, the courts of this state have expressly concluded that this type of judicial mistake does not cause the resulting judgment to be void.") *See, also*, *State v. Guevara*, 6th Dist. Lucas No. L-12-1218, 2013-Ohio-728, ¶ 8 (citing decisions from the Second, Eighth, Tenth, and Eleventh Appellate Districts, and holding that "failure to merge allied offenses at sentencing does not render a sentence void.")

{¶ 20} Musselman's direct appeals were exhausted on June 3, 2009, when the Supreme Court of Ohio refused to hear his appeal. *See* 06/03/2009 Case Announcements, 2009-Ohio-2511 (declining to hear the appeal in *State v. Musselman*, Ohio Supreme Court Case No. 2009-0459). *Johnson* was decided on December 29, 2010, and cannot be applied to Musselman.

{¶ 21} Based on the preceding discussion, Musselman's claim with regard to the allied offense doctrine is barred by *res judicata*. Accordingly, the Second Assignment of Error is overruled.

IV. Are the Issues of Fines and Restitution Barred by *Res Judicata*?

{¶ 22} Musselman's Third Assignment of Error is as follows:

The Trial Court Abused its Discretion and Plainly Erred to the Prejudice of

Appellant when Imposing a Fine and Restitution Order Contrary to Law.

**{¶ 23}** Under this assignment of error, Musselman challenges the trial court's order of restitution. Musselman contends that the order was not supported by competent and credible evidence, created an impermissible financial windfall for the victim, and facilitated the imposition of an excessively disproportionate fine under R.C. 2923.32(B)(2)(a).

**{¶ 24}** "A trial court abuses its discretion when it orders restitution that does not bear a reasonable relationship to the actual financial loss suffered." (Citation omitted.) *State v. Ratliff*, 194 Ohio App.3d 202, 2011-Ohio-2313, 955 N.E.2d 425, ¶ 9 (2d Dist.). Furthermore, " '[f]or due process reasons, the amount of restitution must bear a reasonable relationship to the loss suffered. Accordingly, to ensure a lawful award, there must be competent, credible evidence in the record to support the trial court's order of restitution "to a reasonable degree of certainty." * * * ' " (Citations omitted.) *Id.* at ¶ 15.

**{¶ 25}** Issues pertaining to restitution and fines are matters for direct appeal. Because Musselman had an opportunity to challenge the award of restitution and fines during his direct appeal, these claims are now barred by *res judicata*. Accordingly, Musselman's Third Assignment of Error is without merit and is overruled.

V.  Conclusion

**{¶ 26}** All of Musselman's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN, P.J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
R. Lynn Nothstine
Mark D. Musselman
Hon. Frances E. McGee