[Cite as *State v. Anderson*, 2014-Ohio-3699.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

    Plaintiff-Appellee,                     :

                                            **No. 14AP-61**

v.                                               :          (C.P.C. No. 07CR06-4563)

Kim L. Anderson,                                 :          **(REGULAR CALENDAR)**

    Defendant-Appellant.                    :

---

## D E C I S I O N

### Rendered on August 26, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*Kim L. Anderson*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Kim L. Anderson, appeals from a judgment of the Franklin County Court of Common Pleas denying various postconviction motions. For the following reasons, we affirm that judgment.

## I. Factual and Procedural Background

{¶ 2} In 2007, a grand jury indicted appellant with a number of charges arising from his participation in a mortgage fraud scheme. A jury found appellant guilty of a number of the charges but could not reach a verdict on others. The trial court sentenced appellant accordingly and also ordered appellant to pay restitution to the victims. This court affirmed. *State v. Anderson*, 10th Dist. No. 08AP-1071, 2009-Ohio-6566.

{¶ 3}   After appellant filed his notice of appeal from his convictions, but before this court released our opinion, the trial court issued two corrected sentencing entries to remedy errors in its original sentencing entry.  First, the trial court noted the dismissal of Count 10 of the indictment which was not contained in the original sentencing entry.  Second, the trial court corrected the level of offense and the resulting sentence for one of appellant's convictions.  Specifically, at appellant's sentencing, the trial court imposed a concurrent four-year prison term for Count 16, money laundering, which the trial court stated was a felony of the third degree.  In the first corrected sentencing entry, the trial court clarified that Count 16 was a felony of the fourth degree.  In the second corrected sentencing entry filed January 5, 2009, the trial court reduced appellant's sentence for Count 16 to 12 months, the maximum for a felony of the fourth degree.  The sentence remained at all times to be served concurrently with all other counts, so appellant's total prison sentence never changed.  Appellant did not timely appeal either of these corrected sentencing entries.

{¶ 4}   Subsequently, appellant began filing multiple motions seeking relief of one kind or another.  The few motions that are relevant to this appeal are set forth here.  First, on April 27, 2011, he filed a motion for resentencing in which he argued that his original sentencing entry was void due to the errors the trial court later fixed with its corrected sentencing entries. Second, on September 25, 2013, he filed another motion for resentencing.  This motion alleged that the trial court made errors in determining the award of restitution made at the sentencing hearing.  Third, in multiple motions filed in 2013, appellant claimed that the trial court failed to properly impose post-release control at his sentencing.  On December 11, 2013, appellant also filed a motion for judgment on the pleadings in which he noted these outstanding motions and sought judgment in his favor.

{¶ 5}   In a decision and entry dated December 19, 2013, the trial court denied appellant's December 11, 2013 motion for judgment on the pleadings and specifically addressed the above motions and issues.  It denied appellant's April 27, 2011 motion for resentencing because it noted that it had already resolved all of the alleged errors in his sentence by way of the corrected sentencing entries.  It denied his September 25, 2013 motion for resentencing by concluding that appellant failed to present any newly-

discovered evidence to support his claim.  Finally, as to appellant's claims regarding post-release control, the trial court noted that it had concluded in a previous decision that appellant was properly advised of post-release control at his sentencing hearing.

## II.  The Appeal

{¶ 6}  Appellant appeals the trial court's December 19, 2013 decision and assigns the following errors:

> [I.] The Trial Court unlawfully entered a Nunc Pro Tunc Judgment Entry on January 5, 2009, after the Appellant's Notice of Appeal was filed, which modified the Appellant's sentence outside the Appellant's presence in violation of Crim.R. 43(A) in attempt to cure a void and non final appealable order.
>
> [II.] The Trial Court entered a void judgment, when the court failed to properly address post release control as to "each offense" convicted or properly notify the Appellant of the nature and punishment for violation of post release control.
>
> [III.] The Trial Court entered a void judgment, when the court failed to properly determine restitution.

{¶ 7}  For purposes of clarity, we address the assignments of error out of order.

### A.  Res Judicata

{¶ 8}  Initially, we note that res judicata applies to bar some of appellant's claims. The doctrine of res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal.  *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

### B.  First Assignment of Error—The Use of Corrected Sentencing Entries

{¶ 9}  In a previous appeal, this court considered and affirmed the trial court's use of corrected sentencing entries in this case.  *State v. Anderson*, 10th Dist. No. 11AP-236, 2011-Ohio-6667, ¶ 18-21.  To the extent appellant raises a new argument in support of this claim, that argument is barred by res judicata.  *State v. Smith*, 10th Dist. No. 13AP-129, 2013-Ohio-4674, ¶ 8 (rejecting same argument).  We overrule appellant's first assignment of error.

## C.  Third Assignment of Error–Restitution

{¶ 10} Appellant argues that the trial court erred by not complying with Ohio laws when making its restitution determination.  Issues regarding the determination of restitution are matters that could have been raised in his direct appeal.  Because appellant did not raise those issues in that appeal, res judicata bars their consideration now.  *State v. Musselman*, 2d Dist. No. 25295, 2013-Ohio-1584, ¶ 25; *State v. Bonanno*, 3d Dist. No. 1-02-21, 2002-Ohio-4005, ¶ 13.  We overrule appellant's third assignment of error.

## D. Second Assignment of Error–Imposition of Post Release Control

{¶ 11} This assignment of error alleges that appellant's sentence is void because the trial court failed to properly impose post-release control.  The improper imposition of post-release control may render at least that portion of a sentence void. *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, syllabus.  Therefore, res judicata would not bar consideration of this assignment of error.  *Id.* at ¶ 30 (exception to the application of res judicata for void judgments); *State v. Taste*, 2d Dist. No. 22955, 2009-Ohio-5867, ¶ 22-26; *State v. Myers*, 10th Dist. No. 11AP-909, 2012-Ohio-2733, ¶ 8.  Upon a review of appellant's sentencing, however, we conclude that the trial court properly imposed post-release control.

{¶ 12} A trial court must notify a defendant of post-release control, if applicable, at sentencing and in the court's sentencing judgment entry.  *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶ 22.  In its decision addressing the imposition of post-release control, the trial court concluded that appellant was fully advised of post-release control at his sentencing and that his sentencing entry also properly referenced post-release control.  We agree.[1]

{¶ 13} Here, the trial court's sentencing entry stated that "the Court * * * notified the Defendant that **he will** receive a period of post-release control of **5 years**." (Emphasis in original.)  The trial court also notified appellant at his original sentencing that he would be subject to a period of post-release control and of the consequences for

---

[1] We reject appellant's argument that he must be separately notified of the term of post-release control for each offense.  *State v. Darks*, 10th Dist. No. 12AP-578, 2013-Ohio-176, ¶ 11 ("Thus, in multiple-offense cases, the sentencing court need only notify the defendant of the longest applicable period of post-release control."), citing *State v. Reed*, 6th Dist. No. E-11-049, 2012-Ohio-5983, ¶ 12.

violating post-release control. Additionally, appellant also signed a form entitled "Notice (Prison Imposed)" on the day of his sentencing. That notice informed him that he would have a period of post-release control after his release from prison. The notice also informed him of the possible consequences that would result from a violation of his post-release control. These notifications are sufficient to properly impose post-release control. *State v. Bankston*, 10th Dist. No. 13AP-250, 2013-Ohio-4346, ¶ 19-20.

{¶ 14} Because the trial court properly notified appellant of post-release control, we overrule appellant's second assignment of error.

## III. Conclusion

{¶ 15} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and DORRIAN, JJ., concur.

---