[Cite as *State v. Anderson*, 2016-Ohio-1089.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

     Plaintiff-Appellee,                     :

                                               No. 15AP-897

v.                                               :                    (C.P.C. No. 07CR-4563)

Kim L. Anderson,                                 :                    (REGULAR CALENDAR)

     Defendant-Appellant.                    :

---

D E C I S I O N

Rendered on March 17, 2016

---

**On Brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On Brief:** *Kim L. Anderson*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Kim L. Anderson, pro se, appeals from a decision of the Franklin County Court of Common Pleas issued August 24, 2015, denying Anderson's motion for resentencing. Anderson avers that he was not properly advised of the terms of post-release control, having similarly argued this in a prior appeal before this court. We overrule Anderson's assignments of error, and we affirm the decision of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The relevant history of this case is as follows:

In 2007, a grand jury indicted appellant with a number of charges arising from his participation in a mortgage fraud scheme. A jury found appellant guilty of a number of the charges but could not reach a verdict on others. The trial court sentenced appellant accordingly and also ordered appellant to pay restitution to the victims. This court affirmed. *State v. Anderson*, 10th Dist. No. 08AP-1071, 2009-Ohio-6566.

No. 15AP-897

> After appellant filed his notice of appeal from his convictions, but before this court released our opinion, the trial court issued two corrected sentencing entries to remedy errors in its original sentencing entry. First, the trial court noted the dismissal of Count 10 of the indictment which was not contained in the original sentencing entry. Second, the trial court corrected the level of offense and the resulting sentence for one of appellant's convictions. Specifically, at appellant's sentencing, the trial court imposed a concurrent four-year prison term for Count 16, money laundering, which the trial court stated was a felony of the third degree. In the first corrected sentencing entry, the trial court clarified that Count 16 was a felony of the fourth degree. In the second corrected sentencing entry filed January 5, 2009, the trial court reduced appellant's sentence for Count 16 to 12 months, the maximum for a felony of the fourth degree. The sentence remained at all times to be served concurrently with all other counts, so appellant's total prison sentence never changed. Appellant did not timely appeal either of these corrected sentencing entries.
>
> Subsequently, appellant began filing multiple motions seeking relief of one kind or another. * * * [I]n multiple motions filed in 2013, appellant claimed that the trial court failed to properly impose post-release control at his sentencing.

*State v. Anderson*, 10th Dist. No. 14AP-61, 2014-Ohio-3699, ¶ 2-4.

{¶ 3} In our 2014 decision, we explained that Anderson's averments about his sentencing relating to the imposition of post-release control lacked merit. *Id.* at ¶ 11-14. Notwithstanding, on August 13, 2015, Anderson filed a new motion, this time captioned "Motion For Re-Sentencing Based On Void Judgment," arguing that he was not appropriately advised of post-release control. On August 24, 2015, the trial court denied the motion. Anderson again appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 4} Anderson assigns the following as errors for review:

> FIRST ASSIGNMENT OF ERROR
>
> THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED IT'S[sic] DISCRETION, WHEN IT REFUSED TO RE-SENTENCE APPELLANT IN COMPLIANCE WITH STATUTORY REQUIREMENTS BY LAW, WHICH IS CONTRARY TO LAW, WHEN THE TRIAL COURT FAILED TO ADDRESS POST-RELEASE CONTROL NOTIFICATION AS TO COUNTS TWO, FOUR, FIVE, SEVEN, EIGHT, NINE,

No. 15AP-897

TWELVE, NINETEEN, AND TWENTY IN VIOLATION OF THE POST-RELEASE CONTROL SENTENCING STATUTES, PURSUANT TO R.C. 2929.14 (F), 2929.19 (B) AND 2967.28.

SECOND ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED IT'S[sic] DISCRETION WHEN IT REFUSED TO RE-SENTENCE APPELLANT IN COMPLIANCE WITH STATUTORILY MANDATED TERMS BY LAW, WHICH IS CONTRARY TO LAW, WHEN THE TRIAL COURT IMPOSED POST-RELEASE CONTROL WAS MANDATORY AND THE COURT MISADVISED, THAT POST-RELEASE CONTROL WAS DISCRETIONARY.

For simplicity of discussion, we address these assignments of error together.

## III. DISCUSSION

{¶ 5} The Supreme Court of Ohio has explained:

The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel). *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 1995 Ohio 331, 653 N.E.2d 226 (1995), citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 254 N.E.2d 10 (1969) and *Krahn v. Kinney*, 43 Ohio St.3d 103, 107, 538 N.E.2d 1058, (1989). With regard to claim preclusion, a final judgment or decree rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them. *Id.*, citing *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph one of the syllabus, and *Whitehead*, paragraph one of the syllabus. Moreover, an existing final judgment or decree between the parties is conclusive as to all claims that were or might have been litigated in a first lawsuit. *Id.* at 382, citing *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990).

*Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, ¶ 7; *see also, e.g.*, *State v. Szefcyk*, 77 Ohio St.3d 93, 95-96 (1996); *Stromberg v. Bd. of Edn.*, 64 Ohio St.2d 98, 100 (1980); *State ex rel. Ohio Water Service Co. v. Mahoning Valley Sanitary Dist.*, 169 Ohio St. 31, 34-35 (1959); *State v. Banks*, 10th Dist. No. 15AP-653, 2015-Ohio-5372, ¶ 12. As distinct from claim preclusion:

The doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and

> directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different.

*State ex rel. Stacy v. Batavia Local School Dist. Bd. of Edn.*, 97 Ohio St.3d 269, 2002-Ohio-6322, ¶ 16; *Banks at* ¶ 12.

{¶ 6} Applying this law from the Supreme Court, issue preclusion is more specific or limited than claim preclusion because of due process concerns:

> [T]he Ohio Supreme Court has held that "an absolute due process prerequisite to the application of collateral estoppel [claim preclusion] is that the party asserting the preclusion must prove that the identical issue was actually litigated, directly determined, and essential to the judgment in the prior action."

*State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 174 Ohio App.3d 135, 2007-Ohio-6594, ¶ 31 (10th Dist.), quoting *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 201 (1983). Or, in other words, "Issue preclusion does not apply to other matters that might have been litigated but were not." *Id.*, quoting *Taylor v. Monroe*, 158 Ohio St. 266 (1952), paragraph three of the syllabus.

{¶ 7} However, in criminal cases res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal "if he or she raised or could have raised the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment." (Emphasis deleted.) *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92. Thus, in criminal cases, res judicata is applied to issues but, like claim preclusion, also may preclude arguments or positions that could have been (but were not actually) litigated. *See Banks* at ¶ 13. We acknowledge, however, there are some exceptions to res judicata in criminal cases.

{¶ 8} Void sentences, for example, are subject to correction at any time irrespective of the principles of res judicata or law of the case doctrine. *Banks* at ¶ 14, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 27, 30 (holding that a sentence is void in part where an offender is not properly required to be subject to a period of post-release control); *see also State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, paragraph one of the syllabus (extending *Fisher* to driver's license suspensions). A sentence in which an offender is not properly required to be subject to a period of post-

No. 15AP-897

release control is void in part, and the offending portion of the sentence is subject to correction at any time irrespective of the principles of res judicata or law of the case doctrine. *Fischer* at ¶ 27, 30; *accord State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, ¶ 7; *see also State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, ¶ 15 (holding that "if a court improperly imposes postrelease control on a sentence imposed on or after July 11, 2006, it may correct the sentence in accordance with the procedures set forth in R.C. 2929.191, which provides that a court must hold a hearing before issuing the correction. R.C. 2929.191(C)"). Thus, Anderson's claim on this issue is not precluded by principles of res judicata or law of the case if it were to show that his sentence was void.

{¶ 9} However, the facts do not support Anderson's claim. During the sentencing hearing on November 6, 2008, the trial court advised Anderson on the imposition of post-release control as follows:

> There is another thing I need to review here and that is the subject of post-release control. You've got the form there to go over with your client. Because there's a felony of the first degree involved there would be a five year period of mandatory post-release control upon the completion of your sentence. And what that means is that the Adult Parole Authority is required by law to monitor you for five years after your release.
>
> If you violate the rules and regulations of the adult parole authority or if you commit a criminal offense while you are on post-release control then the Adult Parole Authority, without notifying [counsel] or me or anyone else, they can take action against you. They can extend the amount of time you're on post-release control, they can add additional conditions to your post-release control or they can simply turn around and say Mr. Anderson, you go back to prison for one half of 15 is seven and a half. Seven and a half years, is if my math is correct, 90 months.
>
> They can send you back for up to nine months at a time. To get the full seven and a half years you would have to reoffend nine additional times. But nonetheless, were you possibly to do that then they can take those actions against you. But each time they revoke you they can only take you back for nine months at a time.

(Nov. 6, 2008 Tr., 44-45.)

No. 15AP-897

{¶ 10} The record also contains a notice signed by Anderson on November 6, 2008, which reads:

> After you are released from prison, you (will,[1] may) have a period of post-release control for ___5___ years following your release from prison[.]   If you violate post-release control sanctions imposed upon you, any one or more of the following may result
>
> (1) The Parole Board may impose a more restrictive post-release control sanction upon you, and
>
> (2) The Parole Board may increase the duration of the post-release control subject to a specified maximum, and
>
> (3) The more restrictive sanction that the Parole Board may impose may consist of a prison term, provided that the prison term cannot exceed nine months and the maximum cumulative prison term so imposed for all violations during the period of post-release control cannot exceed one-half of the stated prison term originally imposed upon you, and
>
> (4) If the violation of the sanction is a felony, you may be prosecuted for the felony and, in addition to any sentence it imposes on you for the new felony, the Court may impose a prison term, subject to a specified maximum, for the violation[.]
>
> I hereby certify that the Court read to me, and gave me in writing, the notice set forth herein[.]
>
> __*11/6/08*__                __*Kim Anderson*__          [2]
> Date                         Defendant

(Nov. 14, 2008 Notice.)

{¶ 11} In addition, each of the corrected sentencing entries issued in the case on November 21 and December 4, 2008 respectively, reads, "The Court, pursuant to this entry, notified the Defendant that **he will** receive a period of post-release control of **5 years.**" (Emphasis sic.) (Nov. 21, 2008 Corrected Entry, 3.)  Thus, Anderson's sentence is not void.

---

[1] "Will" is circled in the original.
[2] The material on these lines is handwritten in the original.

No. 15AP-897

{¶ 12} Moreover, we have previously decided these issues in Anderson's previous appeal. We again find Anderson's assignments of error to be without merit and we specifically hold that his sentence is not void. Therefore, his claim is barred by res judicata, since we stated previously:

> This assignment of error alleges that appellant's sentence is void because the trial court failed to properly impose post-release control. The improper imposition of post-release control may render at least that portion of a sentence void. *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, syllabus. Therefore, res judicata would not bar consideration of this assignment of error. *Id.* at ¶ 30 (exception to the application of res judicata for void judgments); *State v. Taste*, 2d Dist. No. 22955, 2009-Ohio-5867, ¶ 22-26; *State v. Myers*, 10th Dist. No. 11AP-909, 2012-Ohio-2733, ¶ 8. Upon a review of appellant's sentencing, however, we conclude that the trial court properly imposed post-release control.
>
> A trial court must notify a defendant of post-release control, if applicable, at sentencing and in the court's sentencing judgment entry. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶ 22, 920 N.E.2d 958. In its decision addressing the imposition of post-release control, the trial court concluded that appellant was fully advised of post-release control at his sentencing and that his sentencing entry also properly referenced post-release control. We agree. [fn. 1]
>
> [fn. 1]  We reject appellant's argument that he must be separately notified of the term of post-release control for each offense. *State v. Darks*, 10th Dist. No. 12AP-578, 2013-Ohio-176, ¶ 11 ("Thus, in multiple-offense cases, the sentencing court need only notify the defendant of the longest applicable period of post-release control."), citing *State v. Reed*, 6th Dist. No. E-11-049, 2012-Ohio-5983, ¶ 12, 983 N.E.2d 394.
>
> Here, the trial court's sentencing entry stated that "the Court * * * notified the Defendant that he *will* receive a period of post-release control of 5 years." (Emphasis in original.) The trial court also notified appellant at his original sentencing that he would be subject to a period of post-release control and of the consequences for violating post-release control. Additionally, appellant also signed a form entitled "Notice (Prison Imposed)" on the day of his sentencing. That notice informed him that he would have a period of post-release control after his release from prison. The notice also informed

No. 15AP-897

> him of the possible consequences that would result from a violation of his post-release control. These notifications are sufficient to properly impose post-release control. *State v. Bankston*, 10th Dist. No. 13AP-250, 2013-Ohio-4346, ¶ 19-20.

> Because the trial court properly notified appellant of post-release control, we overrule appellant's second assignment of error.

*Anderson* at ¶ 11-14.

{¶ 13} Nothing has changed since we issued the decision in 2014. Anderson's arguments lack merit for the same reasons now as existed then.[3] Thus, we overrule both of Anderson's assignments of error.

## IV. CONCLUSION

{¶ 14} Because we overrule Anderson's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., and KLATT, J., concur.

---

[3] Even ignoring numerous decisions on motions to reconsider, to certify non-existent conflicts, and consider en banc, we have repeatedly been compelled to issue decisions regarding this case. *See, e.g., State v. Anderson*, 10th Dist. No. 14AP-61, 2014-Ohio-3699; *State v. Anderson*, 10th Dist. No. 12AP-133, 2012-Ohio-4733; *State ex rel. Anderson v. Sheeran*, 10th Dist. No. 11AP-990, 2012-Ohio-2949; *State v. Anderson*, 10th Dist. No. 08AP-1071, 2009-Ohio-6566. We note that the trial court stated as early as 2012, "Should [Anderson] continue to file motions that attempt to re-litigate his conviction, which are now barred based upon the affirmance of his criminal conviction AND the denial of his de facto post-conviction relief filings, the Court will be compelled to consider asking its statutory counsel to bring vexatious litigator proceedings against [Anderson], and/or consider the imposition of sanctions." (Emphasis sic.) *Sheeran* at ¶ 7. This appeal is not unlike the situation highlighted by the trial court, except it is an appeal.