[Cite as *State ex rel. Anderson v. Sheeran*, 2019-Ohio-3792.]

IN THE COURT OF APPEALS OF OHIO

TENThH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Kim L. Anderson, | : | |
| Relator, | : | |
| v. | : | No. 18AP-880 |
| Judge Patrick E. Sheeran, Judge, Court of Common Pleas, et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | | |

D E C I S I O N

Rendered on September 19, 2019

*Kim L. Anderson,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Bryan B. Lee,* for respondents.

IN MANDAMUS
ON MOTION TO DISMISS

NELSON, J.

{¶ 1} Relator Kim L. Anderson was convicted in 2008 of multiple offenses in connection with a mortgage fraud scheme, sentenced to fifteen years in prison, and ordered to pay over a million dollars in restitution. He has filed a complaint seeking a writ of mandamus against the common pleas court judge and the assistant prosecuting attorney who handled his case; he asks for dismissal of the restitution order, reimbursement of his prison account for funds previously withdrawn to satisfy that order, and immediate release from prison. Nov. 19, 2018 Complaint at 15.

{¶ 2} The state has filed a motion to dismiss Mr. Anderson's complaint for failure to state a claim upon which relief may be granted, arguing that Mr. Anderson has failed to

comply with the provision of R.C. 2969.25 that requires an inmate upon commencement of a civil action to file "an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The state also argues that res judicata bars Mr. Anderson's claims because he "continues, after several appeals, to insist that his convictions are improper" and is simply attempting to "collaterally attack his convictions." Motion to Dismiss of Respondents to Relator's Petition for a Writ of Mandamus at 6-7.

{¶ 3} Citing *State v. Anderson*, 10th Dist. No. 17AP-53, 2017-Ohio-5609, in which we held that a previous motion filed by Mr. Anderson to waive or suspend restitution was properly dismissed by the trial court on the grounds of res judicata and the law of the case doctrine, the magistrate recommends sustaining the state's motion and dismissing the complaint. App'x at ¶ 22 (attached).

{¶ 4} Mr. Anderson has not filed a response to the state's motion to dismiss, nor has he lodged objections to the magistrate's decision.

{¶ 5} We take judicial notice of the Ohio Department of Rehabilitation and Correction letter sent and docketed after Mr. Anderson had filed this mandamus action, notifying the trial court of Mr. Anderson's recent release from prison. May 22, 2019 Letter from ODRC; *see, e.g.*, *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 10 ("It is appropriate for us to take judicial notice of the [lower court's] dismissal entry in deciding whether dismissal of Everhart's prohibition claim was warranted"). The release renders Mr. Anderson's request for release moot. Nonetheless, he did fail to comply with R.C. 2969.25 when he filed this action. That failure is basis for dismissal. *See Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608.

{¶ 6} Moreover, when no party files objections, Civ.R. 53(D)(4)(c) states that "the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Mr. Anderson's release prevents us from adopting the magistrate's first finding of fact stating that he is "currently incarcerated," but we agree with the decision insofar as it recommends that the complaint be dismissed.

{¶ 7} As the magistrate notes, Mr. Anderson has attempted repeatedly to attack the restitution order through postconviction litigation, and we have repeatedly held that res

judicata bars consideration of his claim that the order is improper. *See Anderson*, 2017-Ohio-5609, at ¶ 11 (recounting the procedural history of motions Mr. Anderson filed "to stay collection of restitution," "to vacate restitution," and others "complaining about restitution issues"); *State v. Anderson*, 10th Dist. No. 14AP-61, 2014-Ohio-3699, ¶ 10 ("Issues regarding the determination of restitution are matters that could have been raised in his direct appeal," and such matters are barred by res judicata).

{¶ 8} We grant the state's motion to dismiss, and dismiss Mr. Anderson's complaint.

*Magistrate's decision adopted in part;*
*motion to dismiss granted; complaint dismissed.*

BRUNNER and BEATTY BLUNT, JJ., concur.

———————————————

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

The State ex rel. Kim L. Anderson,        :

      Relator,                                        :

v.                                                        :                    No. 18AP-880

Judge Patrick E. Sheeran Judge,        :                    (REGULAR CALENDAR)
Court of Common Pleas, Courthouse, et al.,
                                                            :

      Respondents.

---

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on May 14, 2019

---

*Kim L. Anderson,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Bryan B. Lee,* for respondents.

---

### IN MANDAMUS
### ON MOTION TO DISMISS

{¶ 9} Relator, Kim L. Anderson, has filed this original action requesting this court issue a writ of mandamus ordering respondent the Honorable Patrick E. Sheeran, judge of the Franklin County Court of Common Pleas, to dismiss the restitution order from his underlying criminal case, order that all monies removed from his inmate account be reimbursed, and his immediate release from incarceration due to the miscalculation of the amount of restitution owed. Relator also names Assistant Prosecuting Attorney Scott Smith as a respondent asserting that he failed to present accurate information from which the court then made its erroneous determinations.

Findings of Fact:

{¶ 10} 1.   Relator is an inmate currently incarcerated at Marion Correctional Institution.

{¶ 11} 2.   In the underlying criminal action, relator was found guilty of multiple offenses including money laundering, engaging in a pattern of corrupt activity, and complicity to commit the following: theft, identity fraud, and forgery, for his facilitation of a $1.1 million mortgage-fraud scheme.  The trial court sentenced relator to a 15-year prison term and ordered him to pay restitution in the total amount of $1,178,750.

{¶ 12} 3.   Relator appealed his conviction to this court raising five assignments of error.  *State v. Anderson,* 10th Dist. No. 08AP-1071, 2009-Ohio-6566.  This court's decision was upheld by the Supreme Court of Ohio.

{¶ 13} 4.   Thereafter, relator began to engage in extensive post-judgment motion practice.  Relator has filed more than 35 post-judgment motions, requests, and petitions with the trial court, many of which are repetitive, and several raise issues relating to restitution.  Additionally, this court has issued several prior decisions addressing relator's appeals and multiple memorandum decisions regarding relator's motions to reopen, reconsider, certify a conflict, and for en banc consideration.  The Supreme Court has also addressed this case on at least seven occasions, including applications to disqualify the trial judge.

{¶ 14} 5.   Recently, in *State v. Anderson,* 10th Dist. No. 17AP-53, 2017-Ohio-5609, this court heard relator's appeal of his motion to waive or suspend restitution which had been denied by the trial court.  This court determined that res judicata and the law of the case doctrine both applied, stating:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. The doctrine of res judicata "'promotes principles of finality and judicial economy by preventing endless relitigation of an issue upon which there was already a full or fair opportunity to be heard.'" *Daniel v.*

> *Williams*, 10th Dist. No. 13AP-155, 2014-Ohio-273, ¶ 18, quoting *State v. Jama*, 10th Dist. No. 11AP-210, 2012-Ohio-2466, ¶ 45, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18, 846 N.E.2d 824.

> The law of the case doctrine also is applicable to this case. As we recently stated in *State v. Monroe*, 10th Dist., 2015-Ohio-844, ¶ 29, 29 N.E.3d 391:

> The law of the case is a longstanding doctrine in Ohio jurisprudence. "[T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 11 Ohio B. 1, 462 N.E.2d 410 (1984). "The doctrine is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *State ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32, 391 N.E.2d 343 (1979).

> As such, appellant's current claims could have been raised on direct appeal, including his ineffective assistance of counsel claim as it arises from counsel's alleged failure to request a hearing on the restitution issue at the sentencing hearing in which appellant was present. In addition, appellant could have tried to raise this issue in one of his earlier motions, and in fact did challenge the orders of restitution in three earlier trial court filings.

*Id.* at ¶ 8-10.

{¶ 15} 6.  On November 19, 2018, relator filed the instant mandamus action again challenging the amount of restitution he had been ordered to pay and the collection of same.

{¶ 16} 7.  On December 4, 2018, respondent filed a motion to dismiss.

{¶ 17} 8.  Relator has not filed a response to the motion to dismiss and the matter is currently before the magistrate.

Conclusions of Law:

{¶ 18} For the reasons that follow, it is this magistrate's decision that this court should dismiss relator's petition for a writ of mandamus.

{¶ 19} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 20} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

{¶ 21} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975). As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995). For the following reasons, respondent's motion should be granted and relator's complaint should be dismissed.

{¶ 22} As this court stated in *Anderson*, 2017-Ohio-5609, res judicata and the law of the case doctrine, both apply here to relator's latest challenge to the judgment of the trial court. On those grounds, this court should grant respondent's motion and dismiss relator's complaint. Further, inasmuch as relator has not prevailed, this court should order the clerk to collect periodic payments from his inmate account to pay the costs of this proceeding.

/S/ MAGISTRATE
STEPHANIE BISCA

## NOTICE TO THE PARTIES

**Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).**