[Cite as *State v. Wilcox*, 2013-Ohio-4347.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 13AP-402 |
| | | (C.P.C. No. 04CR-03-1872) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Toby D. Wilcox, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 30, 2013

*Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

*Toby D. Wilcox*, pro se.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.,

{¶ 1} Toby D. Wilcox, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas in which the court denied his motion for de novo sentencing.

{¶ 2} On August 31, 2005, the trial court entered a judgment in which it found appellant guilty of six counts of aggravated murder, one count of attempted aggravated murder, two counts of kidnapping, one count of aggravated burglary, and one count of aggravated robbery, and sentenced appellant to two life sentences without parole plus an additional 43 years of incarceration, to be served consecutively. In the judgment entry, the trial court indicated that it had "notified the Defendant, orally and in writing, of the applicable periods of post-release control pursuant to R.C. 2929.19(B)(3)(c), (d) and (e)."

This court affirmed the conviction in *State v. Wilcox*, 10th Dist. No. 05AP-972, 2006-Ohio-6777.

{¶ 3} On September 23, 2010, appellant filed a motion for de novo sentencing arguing that the trial court failed to properly advise him of the specific periods of post-release control. On April 11, 2013, the trial court denied appellant's motion finding that a sentencing entry that references post-release control, even though it may not specify the exact term, is not void, citing this court's decision in *State v. Mays*, 10th Dist. No. 10AP-113, 2010-Ohio-4609. Appellant appeals the trial court's judgment, asserting the following assignment of error:

> It was error for defendant to be sentenced without the proper post release control mandated statutorial (sic) requirement, pursuant to O.R.C. 2929.19, 2967.28, and in violation of defendant's fourth and fourteenth U.S.C.A.

{¶ 4} Appellant argues in his sole assignment of error that the trial court erred when it denied his motion for de novo sentencing. Before addressing appellant's assignment of error, we must first note that both the trial court and the State of Ohio, plaintiff-appellee, focus solely on the properness of the trial court's sentencing entry in advising appellant of post-release control. However, a review of appellant's motion for de novo sentencing reveals that appellant also discussed in his motion the requirements for post-release control notification during the sentencing generally, including the sentencing hearing, and cited relevant case law. The issue of notification of post-release control at the sentencing hearing is of key import here because it is necessarily implicated by the trial court's sole reliance upon our case in *Mays*. In *Mays*, we held that a sentencing entry that included the same "applicable periods" language as in the present case properly advised the defendant of post-release control; however, we based that decision upon our review of the totality of the circumstances, which we have stated includes the sentencing hearing transcripts, judgment entries, and other documents in the record. *See State v. Clark*, 2d Dist. No. 2012 CA 16, 2013-Ohio-299, ¶ 59 (noting that the Tenth District Court of Appeals has followed an approach that concludes the trial court sufficiently fulfilled its statutory obligations when, taken as a whole, its oral and written notifications, including those at the sentencing hearing, properly informed the defendant of post-release control,

citing *State v. Boone*, 10th Dist. No. 11AP-1054, 2012-Ohio-3653, ¶ 18, citing *Mays* and *State v. Townsend*, 10th Dist. No. 10AP-983, 2011-Ohio-5056). Thus, we will also address the issue of the trial court's notification of post-release control at the sentencing hearing.

{¶ 5}   Post-release control is a period of supervision by the adult parole authority that begins after a prisoner is released from prison. *Woods v. Telb*, 89 Ohio St.3d 504, 509 (2000); R.C. 2967.01(N). Pursuant to R.C. 2967.28(B), post-release control is mandatory. The Supreme Court of Ohio has held that the trial court must inform the defendant at his sentencing hearing or at the plea hearing that post-release control is a part of his sentence. *Id.* at 513. In a subsequent case, the Supreme Court determined that the trial court's duty under R.C. 2967.28(B) and (C) is to "notify the offender at the sentencing hearing and to incorporate postrelease control into its journal entry." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 22 (superseded, in part, by R.C. 2929.191, which provides a statutory procedure for correcting notification errors. *See State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶ 23-24). *See also State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18 (a trial court must provide statutorily compliant notification to a defendant regarding post-release control at the time of sentencing, including notifying the defendant of the details of the post-release control). Therefore, a sentence that does not include the statutorily mandated post-release control is void and must be set aside. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 26. When the case involves a failure to notify a defendant about post-release control only in the sentencing entry, that error may be corrected through a nunc pro tunc entry without a resentencing hearing. *Qualls* at syllabus. This remedy is not available when the trial court fails to provide proper notification at the sentencing hearing. *Id.* at ¶ 20.

{¶ 6}   In 2006, the General Assembly enacted R.C. 2929.191, which provides courts with a procedure to correct post-release control errors. The statute applies to sentenced offenders who are still in prison and were either not notified at their sentencing hearings of the applicable term of post-release control or did not have such notice incorporated into their sentencing entries. *State v. Freeman*, 8th Dist. No. 99351, 2013-Ohio-3004, ¶ 7, citing R.C. 2929.191(A) and (B). For such offenders, R.C. 2929.191 provides that trial courts may, after holding a hearing, issue a nunc pro tunc entry that includes notification of the applicable term of post-release control. *Id.* In 2009, the

Supreme Court held that R.C. 2929.191 only applies retrospectively to those offenders sentenced after its July 2006 enactment. *Id.*, citing *Singleton* at syllabus.

{¶ 7} Because appellant in the present case was sentenced in 2005, R.C. 2929.191 does not apply to him. In *Fischer*, the court considered sentences lacking post-release control notification that were imposed prior to the effective date of R.C. 2929.191. In so doing, the court determined that such sentences were only partially void, and could be corrected to properly impose post-release control with a limited sentencing hearing. *Id.* at ¶ 28-29. Therefore, a sentence lacking post-release control notification does not entitle a criminal defendant to a de novo sentencing hearing; rather, the defendant is entitled to be resentenced only on the post-release control portion of his or her sentence. *Id.* at ¶ 10.

{¶ 8} Because our examination of the post-release control advisement at the sentencing hearing is dispositive of the entire appeal, we will address it first. Applying the above authorities to the present case, we find the original sentencing court failed to advise appellant of his post-release control obligations during his sentencing hearing. Although neither the trial court in its judgment nor the state in its brief mention this fact, we can find no reference to post-release control in the transcript of the sentencing hearing included in the record on appeal. For that matter, we note there is also no indication of post-release control on any other document in the record, including the disposition sheet, on which the line indicating that the defendant was given oral and written notification of post-release control was left unchecked. Consequently, because the court failed to advise appellant of post-release control at his sentencing hearing, appellant's sentence is partially void and subject to correction pursuant to *Fischer*. Contrary to appellant's assertions, however, his new sentencing hearing is limited to the proper imposition of post-release control; he is not entitled to have his sentences fully vacated. *See Fischer* at ¶ 29. Thus, while the void part of the sentence must be set aside, the rest of appellant's sentence remains in force. *See id.* at paragraph two of the syllabus. Furthermore, because the trial court here must hold a limited sentencing hearing on post-release control and issue another entry, we need not address the sufficiency of the post-release control notification mentioned in the original sentencing judgment.

{¶ 9} In addition, the state's claim that res judicata bars appellant's relief is incorrect. When a sentence is not imposed in conformity with the statutory mandates

concerning post-release control, it is void, and as such, "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Fischer* at paragraph one of the syllabus. Therefore, even though appellant failed to raise the issue on direct appeal, his allegation that the trial court failed to fully notify him of post-release control is not barred by res judicata.

{¶ 10} We further note that an individual sentenced for aggravated murder is not subject to post-release control because that crime is an unclassified felony to which the post-release control statute does not apply. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 36, citing R.C. 2967.28. When a defendant has been convicted of both an offense that carries mandatory post-release control and an unclassified felony to which post-release control is inapplicable, the trial court's duty to notify of post-release control is not negated. *State v. Brown*, 8th Dist. No. 95086, 2011-Ohio-345, ¶ 8, citing *State v. Taylor*, 2d Dist. No. 20944, 2006-Ohio-843; *State v. Seals*, 2d Dist. No. 2009 CA 4, 2010-Ohio-2843. Thus, the post-release control requirements do not apply to appellant's aggravated murder convictions. For all of the foregoing reasons, appellant's assignment of error is sustained insofar as appellant seeks a new sentencing hearing regarding the post-release control advisements, albeit not a full de novo hearing, as requested.

{¶ 11} Accordingly, appellant's assignment of error is sustained to the extent explained above, and the judgment of the Franklin County Court of Common Pleas is reversed. We remand this case for correction of the offending portions of his sentence in accordance with the law and this decision.

*Judgment reversed and cause remanded.*

KLATT, P.J., and SADLER, J., concur.

_____