[Cite as *State v. Holloman*, 2014-Ohio-5763.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,                      :
                                                                      No. 14AP-419
v.                                               :               (C.P.C. No. 05CR-2675)

Martin L. Holloman,                              :            (ACCELERATED CALENDAR)

      Defendant-Appellant.                     :

D E C I S I O N

Rendered on December 30, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for
appellee.

*Martin L. Holloman*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Martin L. Holloman, appeals from a judgment of the
Franklin County Court of Common Pleas denying his second motion to vacate a void
sentence and termination of post-release control. For the following reasons, we affirm the
judgment.

{¶ 2} In 2005, a jury found appellant guilty of one count of aggravated burglary, a
felony of the first degree. On December 5, 2005, the trial court sentenced appellant to six
years of incarceration and post-release control. At the sentencing hearing on December 5,
2005, the trial court stated, as follows:

> [S]ince I'm sentencing you to jail you will be subject to post
> release control. Because it's a felony, agg [sic] one, there will
> be a five year period of control after the sentence time. If you
> violent [sic] the terms of your post release control you could

get up to one-half of your sentence in additional time. Here's a form relative to that.

(Tr. 20.)

{¶ 3} The "Notice (Prison Imposed)" form reads:

After you are released from prison, you will have a period of post-release control for 5 years following your release from prison. If you violate post-release control sanctions imposed upon you, any one or more of the following may result:

(1) The Parole Board may impose a more restrictive post-release control sanction upon you; and

(2) The Parole Board may increase the duration of the post-release control subject to a specified maximum; and

(3) The more restrictive sanction that the Parole Board may impose may consist of a prison term, provided that the prison term cannot exceed nine months and the maximum cumulative prison term so imposed for all violations during the period of post-release control cannot exceed one-half of the stated prison term originally imposed upon you; and

(4) If the violation of the sanction is a felony, you may be prosecuted for the felony and, in addition to any sentence it imposes on you for the new felony, the Court may impose a prison term, subject to a specified maximum, for the violation.

{¶ 4} Appellant admits that he signed the form, but he did not read it or discuss it with his counsel before he signed it.

{¶ 5} On December 6, 2005, the trial court issued a judgment entry which reads, as follows:

After the imposition of sentence, the Court notified the Defendant, orally and in writing, of the applicable periods of post-release control pursuant to R.C. 2929.19(B)(3)(c), (d) and (e).

On September 23, 2009, the trial court issued a corrected judgment entry which read the same.

{¶ 6}   Appellant filed a direct appeal, although he did not allege error regarding the imposition of post-release control.  This court affirmed his conviction.  *See State v. Holloman*, 10th Dist. No. 06AP-01, 2007-Ohio-840 ("*Holloman I*").

{¶ 7}   After his release from prison, appellant filed, on April 13, 2011, his first motion to vacate a void judgment and termination of post-release control supervision, claiming that the trial court did not properly impose post-release control at his sentencing hearing or in the trial court's sentencing entry.  Appellant asked the court to order the Adult Parole Authority ("APA") to terminate his post-release control supervision.  The trial court denied appellant's request.  Appellant appealed, raising issues very similar to those he raises herein, and this court affirmed.  This court found that the trial court properly imposed post-release control.  *See State v. Holloman*, 11AP-454, 2011-Ohio-6138 ("*Holloman II*").

{¶ 8}   Subsequently, appellant was imprisoned for 150 days for a post-release control violation.[1]   On May 9, 2014, appellant filed a second motion to vacate a void sentence and terminate post-release control supervision.  The trial court denied the motion.  Appellant filed a timely notice of appeal from the trial court's judgment denying his motion to vacate a void sentence, assigning the following two errors for this court's review:

> ASSIGNMENT OF ERROR I:  The appellant's sentence to post-release control is void and contrary to law because the trial court at sentencing failed to fulfill its statutory duty to properly advise the appellant about the details of the possible consequences of violating post-release control as statutorily mandated by R.C. 2967.28(F)(3) and R.C. 2929.19(B)(3)(e).

> ASSIGNMENT OF ERROR II:  The appellant's sentence to post-release control is void and contrary to law because the trial court's sentencing judgment entry fails to incorporate a requirement that appellant is subject to a specific period of post-release control, as well as, the four possible consequences of violating post-release control as statutorily mandated by R.C. 2929.14(F)(1) and R.C. 2967.28(B)(1) and (F)(3).

---

[1] The briefs filed in this court indicate that appellant was imprisoned for 150 days for a post-release control violation and that his scheduled release date was September 20, 2014. The Department of Rehabilitation and Correction website indicates he was released on that date.

{¶ 9} We will address appellant's assignments of error together as they allege generally that the trial court erred by not orally notifying appellant, at the sentencing hearing, about the details of the possible consequences of violating post-release control and specifically by not incorporating into the sentencing entry (1) that appellant is subject to a specific period of post-release control, and (2) the four possible consequences of violating post-release control. Thus, appellant argues that his original sentence is void and that he is entitled to an order directing the APA to terminate post-release control.

{¶ 10} Appellee argues that a motion to vacate a void sentence is an improper action under these circumstances and that appellant should have filed a civil action against the APA instead.[2]

{¶ 11} R.C. 2929.19(B)(2)(c) provides that, when a defendant is sentenced for a felony of the first degree, the trial court must notify the defendant that he will be supervised under R.C. 2967.28. R.C. 2929.19(B)(2)(e) provides that the defendant must be notified that, if a period of post-release control is imposed, certain sanctions may be imposed for violating that post-release control. Under these provisions, " 'a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing.' " *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶ 14, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 23, citing *State v. Beasley*, 14 Ohio St.3d 74 (1984). When a defendant is subject to mandatory post-release control, the trial court must "notify the offender of the mandatory nature of the term of postrelease control and the length of that mandatory term and incorporate that notification into its entry." *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶ 69. A sentence that does not include the statutorily mandated term of post-release control is void. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph one of the syllabus.

{¶ 12} In our recent cases, we have " 'applied a "totality of the circumstances" test to determine whether or not the defendant was properly notified of post-release control.' " *State v. Cockroft*, 10th Dist. No. 13AP-532, 2014-Ohio-1644, quoting *State v. Boone*, 10th Dist. No. 11AP-1054, 2012-Ohio-3653, ¶ 25, quoting *State v. Williams*, 10th Dist. No.

---

[2] Appellant filed a habeas corpus action in the Ohio Supreme Court that was dismissed on September 24, 2014. Because we find no merit to appellant's arguments that the imposition of post-release control was improper, it is not necessary for us to address the state's procedural argument.

10AP-1135, 2011-Ohio-6231, ¶ 23.  Using that approach, we have concluded that " 'the trial court sufficiently fulfilled its statutory obligations when, taken as a whole, its oral and written notifications, including those at the sentencing hearing, properly informed the defendant of post-release control.' "  *Cockroft* at ¶ 14, quoting *State v. Wilcox*, 10th Dist. No. 13AP-402, 2013-Ohio-4347, ¶ 4.

{¶ 13} Appellant specifically argues that the trial court failed to advise him about the possible consequences of violating post-release control, both the more restrictive prison sanction that the parole board may impose for up to nine months for a violation of post-release control, as well as the cumulative prison sentence of up to one-half of his original term for all violations during post-release control.

{¶ 14} The trial court did orally advise appellant that he would be subject to post-release control for five years and of the consequences for violating post-release control. The trial court stated that the parole board may impose a prison sentence of up to one-half of his original term for a violation of post-release control.  As stated, the trial court told appellant:  "If you violent [sic] the terms of your post release control you could get up to one-half of your sentence in additional time.  Here's a form relative to that."  In addition, the trial court gave him the "Notice (Prison Imposed)" form which outlined the four possible consequences for violating post-release control.  Appellant signed the form. Appellant is still responsible for the information provided whether he read it or not. Under Ohio law, "[i]f a person can read and is not prevented from reading what he signs, he alone is responsible for omission to read what he signs." *Grant Med. Ctr. v. Fausnaugh*, 10th Dist. No. 92AP-441 (Sept. 17, 1992), quoting *Haller v. Borrow Corp.*, 50 Ohio St.3d 10, 14 (1990).

{¶ 15} Appellant also argues that the trial court was required to note in the sentencing entry that he was subject to five years of mandatory post-release control, as well as the four possible consequences of violating post-release control.  This court has addressed the "applicable-periods" language several times in recent case law and specifically addressed this issue in the decision affirming the trial court's denial of appellant's first motion to vacate a void sentence and termination of post-release control. *See Holloman II* at ¶ 11.  In *Holloman II*, the court stated:

> Here, other written and oral notification exists in the record in addition to the sentencing entry's notification. The trial court notified appellant at sentencing that he would be subject to five years of post-release control and of the consequences for violating post-release control. Additionally, appellant also signed a form entitled "Notice (Prison Imposed)" on the day of his sentencing. That notice informed him that he will have a period of post-release control for five years after his release from prison. The notice also informed him of the possible consequences that would result from a violation of his post-release control. This was the same information that we found sufficient to properly impose post-release control in *Cunningham* ("applicable periods" language in entry combined with "Prison Imposed" notice and oral notification) and very similar to that in *Townsend* ("applicable periods" language in entry combined with "Prison Imposed" notice, proper oral notification, and other information).

*Id.* at ¶ 12. *See also State v. Townsend*, 10th Dist. No. 10AP-983, 2011-Ohio-5056, ¶ 7-14; *State v. Cunningham*, 10th Dist. No. 10AP-452, 2011-Ohio-2045, ¶ 18.

{¶ 16} Finally, we note that the state did not argue that the doctrines of law of the case[3] or res judicata[4] apply to relieve us from further consideration of appellant's arguments. Regardless of whether these doctrines apply, upon consideration of the merits, and for the same reasons outlined in *Holloman II*, we find that the trial court properly imposed post-release control.

{¶ 17} Given that there is other written and oral notification in the record, in addition to the sentencing entry, we find that the trial court properly notified appellant of

---

[3] Under the law-of-the-case doctrine, "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). The law-of-the-case doctrine " 'is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.' " *State ex rel. Jelinek v. Schneider*, 127 Ohio St.3d 332, 2010-Ohio-5986, ¶ 12, quoting *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, ¶ 15.

[4] We recently stated in *State v. Anderson*, 10th Dist. No. 14AP-61, 2014-Ohio-3699, ¶ 11: "The improper imposition of post-release control may render at least that portion of a sentence void. *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, syllabus. Therefore, res judicata would not bar consideration of this assignment of error. *Id.* at ¶ 30 (exception to the application of res judicata for void judgments); *State v. Taste,* 2d Dist. No. 22955, 2009-Ohio-5867, ¶ 22-26; *State v. Myers,* 10th Dist. No. 11AP-909, 2012-Ohio-2733, ¶ 8." In *Anderson*, the appellant had appealed, and this court had ruled on, other issues unrelated to the imposition of post-release control. Unlike in the present case, however, appellant had not appealed and we had not specifically determined that the imposition of post-release control was proper prior to the time appellant appealed the issue.

the post-release control at his sentencing and in his sentencing entry. We therefore overrule both of appellant's assignments of error. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J., and CONNOR, J., concur.

_____