[Cite as *State v. Russell*, 2016-Ohio-3349.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

     Plaintiff-Appellee,                      :

                                      No. 16AP-108
v.                                                :        (C.P.C. No. 02CR-3390)

Kenneth Russell,                                  :        (ACCELERATED CALENDAR)

     Defendant-Appellant.                     :

---

D E C I S I O N

Rendered on June 9, 2016

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Shaw & Testa, LLP,* and *Nicholas J. Testa*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Kenneth Russell, appeals a judgment of the Franklin County Court of Common Pleas entered on January 15, 2016 that denied Russell's motion for resentencing. Because Russell was appropriately advised of the five-year mandatory term of post-release control and the consequences of violating the terms of that control, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On June 18, 2002, a Franklin County Grand Jury indicted Russell for five counts of cocaine trafficking, one count with a major drug offender specification, and one count of participating in a criminal gang. Russell initially pled not guilty on June 25, 2002. However, on May 6, 2003, pursuant to an agreement made with the prosecution, Russell pled guilty to one count of participating in a criminal gang and three counts of the

No. 16AP-108

trafficking in cocaine. The remaining two counts, including the major drug offender specification, were dismissed. The trial court proceeded immediately to sentencing.

{¶ 3} During the combined plea and sentencing hearing, before the trial court accepted Russell's guilty plea, it informed him of the nature of the post-release control to be imposed for sentencing upon the guilty plea, and Russell said he understood. The guilty plea form, signed by Russell on the same day, contained a similar written statement concerning post-release control. The trial court then sentenced Russell to seven years on the criminal gang count and eight years on each of the cocaine trafficking counts, all sentences to be served concurrently with each other, for a total prison term of eight years. In the judgment entry on the conviction, the trial court stated that it had "notified the Defendant, orally and in writing, of the possibility of the applicable periods of post-release control." (May 8, 2003 Jgmt. Entry at 2.)

{¶ 4} Over 12 years later, on October 14, 2015, Russell filed a motion for resentencing arguing that post-release control was not properly imposed and, now that he has completed his sentence, never can be. On January 15, 2016, the trial court denied the motion on the grounds that the trial court did properly notify Russell of post-release control.

{¶ 5} Russell now appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Russell presents a single assignment of error for review:

> The trial court erred in denying Appellant's motion for resentencing and failing to terminate postrelease control.

## III. DISCUSSION

{¶ 7} R.C. 2967.28 requires (and required at the time of Russell's sentencing) that a person convicted of a first-degree felony (as was Russell) is subject to a five-year period of post-release control. R.C. 2967.28(B)(1). As it stood at the time of Russell's plea and sentencing on May 6, 2003, R.C. 2929.19(B) required the trial court to give notice to the offender regarding post-release control:

> (3) [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:

* * *

(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree * * *;

* * *

(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender.

In the event an offender is not properly notified that he or she is required to be subject to a period of post-release control, that portion of the sentence is void and subject to correction at any time irrespective of the principles of res judicata or law of the case doctrine. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 27, 30; *accord State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, ¶ 7; *see also State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, ¶ 15 (holding that "if a court improperly imposes postrelease control on a sentence imposed on or after July 11, 2006, it may correct the sentence in accordance with the procedures set forth in R.C. 2929.191, which provides that a court must hold a hearing before issuing the correction. R.C. 2929.191(C)").

{¶ 8} According to the law of this district, a trial court's compliance with these statutes need not be mechanically perfect in order to avoid reversal.

> In our recent cases, we have " 'applied a "totality of the circumstances" test to determine whether or not the defendant was properly notified of post-release control.' " *State v. Cockroft*, 10th Dist. No. 13AP-532, 2014-Ohio-1644, quoting *State v. Boone*, 10th Dist. No. 11AP-1054, 2012-Ohio-3653, ¶ 25, 975 N.E.2d 546, quoting *State v. Williams*, 10th Dist. No. 10AP-1135, 2011-Ohio-6231, ¶ 23. Using that approach, we have concluded that " 'the trial court sufficiently fulfilled its statutory obligations when, taken as a whole, its oral and written notifications, including those at the sentencing hearing, properly informed the defendant of post-release control.' " *Cockroft* at ¶ 14, quoting *State v. Wilcox*, 10th Dist. No. 13AP-402, 2013-Ohio-4347, ¶ 4.

No. 16AP-108

*State v. Holloman*, 10th Dist. No. 14AP-419, 2014-Ohio-5763, ¶ 12. In prior cases we have also found to be significant a defendant being properly advised of post-release control in plea hearings and in plea documents signed by the defendant prior to sentencing. *See, e.g., State v. Williams*, 10th Dist. No. 10AP-1135, 2011-Ohio-6231, ¶ 14-21; *State v. Chandler*, 10th Dist. No. 10AP-369, 2010-Ohio-6534, ¶ 6, 13-14; *State v. Mays*, 10th Dist. No. 10AP-113, 2010-Ohio-4609, ¶ 5.

{¶ 9} In this case, the trial court held a single plea and sentencing hearing on May 6, 2003 during which it both accepted Russell's plea and sentenced him on a jointly-recommended sentence. During that hearing, the following colloquy ensued:

> THE COURT: Mr. Russell, there was some discussion back in chambers between your lawyer and the prosecutor and myself. I understand that there is a recommendation here from everybody concerning the amount of time you are to do in prison. I intend to follow that recommendation. But I need to explain some things to you about prison.
>
> This sentence I'm going to give you, you will do that day for day. There is no time off for good behavior. When your eight-year sentence is over with and you are released from the prison, the Adult Parole Authority will supervise your behavior out on the street for five years after your release. If you violate any condition of your release during that five-year period, they can return you to the prison for up to nine months for each violation. If you repeatedly violate, these nine-month periods could add up to four years. That would be one half of my eight-year sentence.
>
> So if you mess up every way you can here, you can turn this eight-year prison sentence into a 12-year prison sentence. Do you understand that?
>
> [RUSSELL]: Yes, sir.
>
> THE COURT: You're going to do eight years in prison. They're going to let you out, but they're going to put conditions on your behavior. If you violate those conditions they can keep sending you back to the prison for up to four more years.
>
> [RUSSELL]: Yes, sir.

No. 16AP-108

(Tr. at 6-7.)  The entire hearing transcript, not including the reporter certificate and cover page, is 19 pages, and no breaks in the hearing are reflected in the record.  While Russell argues that this colloquy took place in the plea hearing and not per se at a sentencing hearing, as contemplated by statute, there is no factual basis in the record for drawing such a distinction.   In this instance, the plea and sentencing hearings were one and the same for all intents and purposes under R.C. 2929.19(B)(3).

{¶ 10} Moreover, the plea form signed by Russell on the day of the combined hearing (and filed in the record two days later) indicates that five years of mandatory post-release control was applicable according to the following statement contained in the plea form Russell signed:

> I understand that a violation of post-release control conditions or the condition under R.C. 2967.131 could result in more restrictive non-prison sanctions, a longer period of supervision or control up to a specified maximum, and/or reimprisonment for up to nine months. The prison term(s) for all post-release control violations may not exceed one-half of the prison term originally imposed. I understand that I may be prosecuted, convicted, and sentenced to an additional prison term for a violation that is a felony. I also understand that such felony violation may result in a consecutive prison term of twelve months or the maximum period of unserved post-release control, whichever is greater. Prison terms imposed for violations or new felonies do not reduce the remaining post-release control period(s) for the original offense(s).

(May 8, 2003 Plea Form at 2.)  The judgment entry further reflects that Russell was "notified * * * orally and in writing, of the possibility of the applicable periods of post-release control." (May 8, 2003 Jgmt. Entry at 2.)

{¶ 11} Under the circumstances, Russell was sufficiently notified of the mandatory five-year period of post-release control.  *See, e.g.*, *State v. Banks*, 10th Dist. No. 15AP-653, 2015-Ohio-5372, ¶ 17-20.   Further, we have determined on review that this legal requirement was satisfied and that Russell's sentence was not void in part. Since the question of a void sentence exists irrespective of arguments of remedy or res judicata under *Fischer*, the State's arguments that Russell's proper remedy was a habeas proceeding and that res judicata apply are moot.   Russell's assignment of error is overruled.

No. 16AP-108

## IV. CONCLUSION

{¶ 12} Because the trial court did adequately notify Russell of the mandatory five-year period of post-release control and the consequences of violating supervision, we overrule his sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and KLATT, JJ., concur.