[Cite as *State v. Dardinger*, 2017-Ohio-1525.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160467 |
| | | TRIAL NO. B-1205948 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| JEFFREY DARDINGER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified

Date of Judgment Entry on Appeal:  April 26, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Office of the Ohio Public Defender* and *Allen Vender*, Assistant State Public Defender, for Defendant-Appellant.

Per Curiam.

{¶1} Defendant-appellant Jeffrey Dardinger presents on appeal a single assignment of error challenging the Hamilton County Common Pleas Court's judgment overruling his "Motion to Vacate Postrelease Control." Dardinger was sentenced in conformity with the statutes concerning postrelease control. And his motion was subject to dismissal for lack of jurisdiction. We, therefore, affirm the court's judgment as modified.

{¶2} Dardinger was convicted in February 2013 upon his guilty plea to illegal use of a minor in nudity-oriented material and was sentenced to three years on community control. He did not appeal that conviction.

{¶3} In May 2013, Dardinger pled guilty to violating his community control. In a single hearing, the trial court accepted the plea, found Dardinger guilty, and imposed a nine-month prison term. Before accepting the plea, the court notified Dardinger that, upon his release from prison, he would be subject to a five-year mandatory term of postrelease control. The court did not incorporate postrelease control in the judgment of conviction. No appeal was taken from that conviction.

{¶4} In September 2013, the trial court entered a judgment of conviction nunc pro tunc to May 2013, "correct[ing]" Dardinger's sentence for his community-control violation to include the five-year mandatory period of postrelease control. Again, the judgment was not appealed.

{¶5} In January 2016, Dardinger filed with the common pleas court his "Motion to Vacate Postrelease Control." Dardinger supported his motion with evidentiary material demonstrating the following: that on February 5, 2014, following his January 22, 2014 release from confinement, the Ohio Adult Parole Authority notified him, by telephone and then in writing at the agency's offices, of its decision to not place him on postrelease control; that he was ordered to return to the adult parole

authority's offices a day later and told that he would be on postrelease control; and that two months later, he received written notice of that fact and of the duration of his postrelease control. In his motion, Dardinger asked the common pleas court to "vacate his postrelease control" on the grounds that (1) the adult parole authority had no authority to place him on postrelease control upon his release from confinement, because that portion of his sentence was void when it was not imposed in conformity with the statutory mandates concerning postrelease control, and (2) the adult parole authority's "unexplained reimposition" of postrelease control, after he had "completed his sentence" and had been told that he would not be placed on postrelease control, denied him the protection against multiple punishments for the same offense in successive proceedings, secured by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

{¶6} We conclude that the motion was subject to dismissal, because the common pleas court had no jurisdiction to entertain it.

{¶7} *Not reviewable under Crim.R. 57(B), 33, or 32.1 or under the postconviction, mandamus, declaratory-judgment, or habeas statutes.* Dardinger did not specify in his postconviction motion a statute or rule under which the relief sought might have been afforded, leaving the common pleas court to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

{¶8} Under R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief, a common pleas court may grant a petitioner relief from his conviction upon proof of a constitutional violation during the proceedings leading to his conviction that rendered that conviction void or voidable. *See* R.C. 2953.21(A)(1); *State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993). With his

3

claim that he had not been sentenced in conformity with the postrelease-control statutes, Dardinger sought relief based on an alleged statutory, rather than constitutional, violation. *See* R.C. 2953.21(A)(1). His double-jeopardy claim alleged a constitutional violation, but not in the proceedings leading to his conviction. Accordingly, the claims advanced by Dardinger in his motion were not reviewable by the common pleas court under the standards provided by the postconviction statutes.

{¶9} Dardinger's motion was also not reviewable under Crim.R. 33 as a motion for a new trial, when his conviction had followed a guilty plea, not a trial, or under Crim.R. 32.1 as a motion to withdraw a guilty plea, when he did not seek in his motion to withdraw his plea. Nor was the motion reviewable under R.C. Chapter 2731 as a petition for a writ of mandamus, under R.C. Chapter 2721 as a declaratory-judgment action, or under R.C. Chapter 2725 as a petition for a writ of habeas corpus, when the motion did not satisfy those statutes' procedural requirements. *See* R.C. 2731.04, 2721.12(A), and 2725.04.

{¶10} ***No relief under the jurisdiction to correct a void judgment.*** A court always has jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. When a sentence is not imposed in conformity with the postrelease-control statutes, that portion of the sentence is void and subject to correction at any time before the offender is released from prison. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus and ¶ 26-27; *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 70-73. But the postrelease-control portion of Dardinger's sentence was not void.

{¶11} In May 2013, following a combined plea-and-sentencing hearing, Dardinger was found guilty and sentenced to prison upon his guilty plea to violating the community-control sanction imposed for his fifth-degree-felony sex offense. The

postrelease-control statutes mandated that his prison sentence include a five-year period of postrelease control and required that he be notified, both at his sentencing hearing and in the judgment of conviction, of the length and mandatory nature of his postrelease control, of the consequences of violating postrelease control, and of the length of confinement that could be imposed for a postrelease-control violation. *See* R.C. 2967.28(A)(3) and (B)(1), 2929.14(D), and 2929.19(B)(2)(c) through (e); *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 77-79; *Bloomer* at ¶ 69; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. *Accord State v. Smith*, 1st Dist. Hamilton No. C-120163, 2012-Ohio-5965, ¶ 10-11.

{¶12} At the combined plea-and-sentencing hearing, the postrelease-control notification provided by the trial court before accepting Dardinger's guilty plea satisfied the statutory requirements. But the court did not provide postrelease-control notification during the sentencing portion of the hearing. And the court failed to include postrelease control in the judgment of conviction.

{¶13} In *State v. Graham*, 1st Dist. Hamilton No. C-130375, 2014-Ohio-1024, we held that the postrelease-control portion of Graham's sentence was void, when the trial court had provided proper postrelease-control notification at Graham's guilty-plea hearing, but had failed to notify him at his subsequent sentencing hearing that postrelease control was mandatory. *Id.* at ¶ 5-6. But when, as here, the trial court provided proper postrelease-control notification before accepting the defendant's guilty plea and then proceeded immediately to sentencing, the plea hearing and the sentencing hearing cannot, for purposes of the postrelease-control statutes, reasonably be deemed to have been conducted separately. *See State v. Russell*, 10th Dist. Franklin No. 16AP-108, 2016-Ohio-3349, ¶ 9; *State v. Jackson*, 12th Dist. Butler Nos. CA2005-02-033 and CA2005-03-051, 2006-Ohio-1147, ¶ 18-

5

19. *See also State v. Brooks,* 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 17, fn. 1 (noting that there is "no reason to consider the plea hearing and sentencing hearing to be two separate hearings" for purposes of the notification required under former R.C. 2929.19(B)(5) in sentencing an offender to community control, when sentencing proceeds immediately after the plea hearing). Therefore, the postrelease-control notification provided by the trial court before accepting Dardinger's guilty plea at the combined plea-and-sentencing hearing satisfied the statutory requirement that he be notified concerning postrelease control at the sentencing hearing. *See Russell* at ¶ 11-12; *State v. Pelphrey*, 4th Dist. Scioto No. 11CA3418, 2013-Ohio-593, ¶ 11; *Jackson* at ¶ 18-19.

{¶14} When postrelease-control notification was properly given at the sentencing hearing, the failure to incorporate postrelease control in the judgment of conviction may be corrected by a Crim.R. 36 nunc pro tunc entry at any time before the defendant has completed his prison term. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 24. Dardinger was given proper postrelease-control notification at the combined plea-and-sentencing hearing and had not yet been released from prison. Thus, **the trial court properly incorporated postrelease control into Dardinger's judgment of conviction, when it** entered judgment nunc pro tunc to May 2013 correcting his sentence to include **the statutorily mandated five-year period of postrelease control.**

{¶15} The adult parole authority derives its authority to impose postrelease control from the judgment of conviction. *See Woods v. Telb*, 89 Ohio St.3d 504, 512-513, 733 N.E.2d 1103 (2000) (holding that the separation-of-powers doctrine of the United States and Ohio Constitutions permits the adult parole authority to impose postrelease control only if postrelease control has been properly incorporated into the judgment of conviction). Because the trial court complied with the postrelease-control

statutes, the adult parole authority was required to impose the five-year mandatory period of postrelease control when Dardinger was released from prison in January 2014. And the challenged "reimposition" of postrelease control, after Dardinger had completed his prison term and had mistakenly been told that he would not be on postrelease control, did not implicate the double-jeopardy protection against multiple punishments, because he had no legitimate expectation in the finality of his sentence when he knew, or should have known, that his sentence was "legally incomplete." *See State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 33.

{¶16} Dardinger was sentenced in conformity with the postrelease-control statutes. Consequently, that portion of his sentence was not void, and the common pleas court could not exercise its jurisdiction to correct a void judgment to afford Dardinger the relief sought in his motion.

{¶17} *Affirmed as modified.* Because the common pleas court had no jurisdiction to grant Dardinger the relief sought in his "Motion to Vacate Postrelease Control," the court should have dismissed the motion. Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed from to reflect the dismissal of the motion. And we affirm the judgment as modified.

Affirmed as modified.

MOCK, P.J., ZAYAS and MYERS, JJ.

Please note:

The court has recorded its own entry on the date of the release of this opinion.