[Cite as *State v. Renne*, 2021-Ohio-2648.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

JEFFREY S. RENNE

    Defendant-Appellant

JUDGES:
Hon. Craig R. Baldwin, P.J.
Hon. William B. Hoffman, J.
Hon. Earle E. Wise, Jr., J.

Case No. 2020 CA 00036

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Fairfield County Court of Common Pleas, Case No. 2020 CR 00288 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 30, 2021 |

APPEARANCES:

For Plaintiff-Appellee

R. KYLE WITT
Fairfield County Prosecutor

BRIAN T. WALTZ
Assistant Prosecuting Attorney
239 West Main Street, Suite #101
Lancaster, Ohio 43130

For Defendant-Appellant

JAMES A. ANZELMO
446 Howland Drive
Gahanna, Ohio 43230

*Hoffman, J.*

**{¶1}** Defendant-appellant Jeffrey S. Renne appeals the judgment entered by the Fairfield County Common Pleas Court convicting him of possession of cocaine (R.C. 2925.11(A),(C)(4)(a)), illegal use or possession of drug paraphernalia (R.C. 2925.14(C)(1), (F)(1)), and petty theft (R.C. 2913.02(A)(1), (B)(2)) following his pleas of guilty, and sentencing him to twelve months incarceration, to be served consecutively to the sentence imposed in a Franklin County case. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

**{¶2}** Appellant was indicted by the Fairfield County Grand Jury on June 25, 2020, with possession of cocaine, illegal use or possession of drug paraphernalia, and petty theft. On November 24, 2020, he entered guilty pleas to all counts of the indictment.

**{¶3}** After accepting Appellant's guilty pleas and convicting Appellant as charged in the indictment, the trial court proceeded directly to sentencing. The trial court noted, "I've never seen a worse theft offense record in my entire life." Tr. 26. Appellant requested a community control sentence, stating he had mental health issues at the time of the offenses due to the coronavirus pandemic, and had made strides in changing his life based on his recent involvement with Integrated Services.

**{¶4}** Appellant was sentenced to twelve months incarceration for possession of cocaine, 30 days in jail for illegal use or possession of drug paraphernalia, and 75 days in jail for petty theft, with all sentences to be served concurrently to each other and consecutively to any sentence imposed in a pending Frankly County case.

---

[1] A rendition of the facts is unnecessary to our resolution of this appeal.

{¶5} It is from the November 30, 2020 judgment of the Fairfield County Common Pleas Court Appellant prosecutes his appeal, assigning as error:

I. THE TRIAL COURT ERRED WHEN IT SENTENCED RENNE TO PRISON, INSTEAD OF COMMUNITY CONTROL, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

II. THE TRIAL COURT UNLAWFULLY ORDERED RENNE TO SERVE CONSECUTIVE SENTENCES FOR HIS OFFENSES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

III. THE TRIAL COURT UNLAWFULLY SUBJECTED RENNE TO POST-RELEASE CONTROL, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

I.

{¶6} In his first assignment of error, Appellant argues the trial court erred in sentencing him to prison instead of community control because numerous factors enumerated in R.C. 2929.12 mitigated against a prison sentence.

{¶7} R.C. 2953.08(G)(2)(b) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds the sentence is "otherwise contrary to law." But an appellate court's determination the record does not support a sentence does not equate to a determination the sentence is "otherwise contrary to law" as that term is used in R.C. 2953.08(G)(2)(b). *State v. Jones,* 63 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶,32. An appellate court may not modify or vacate a sentence based on its view the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *Id.* at ¶39.

{¶8} Based on the Ohio Supreme Court's opinion in *Jones, supra*, we find we do not have statutory authority to modify or vacate Appellant's sentence based on his argument R.C. 2929.12 mitigated against a prison sentence. Accordingly, Appellant's first assignment of error is overruled.

II.

{¶9} In his second assignment of error, Appellant argues the record does not support the trial court's findings concerning consecutive sentences.[2]

{¶10} R.C. 2929.14(C)(4) provides:

> (C)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender

---

[2] The State argues this assignment of error is moot because Appellant did not receive a prison sentence in the Franklin County case to which the sentence in this case was imposed consecutively. However, the State's claim concerning the Franklin County sentence is not in the record before this Court on appeal.

and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶11} Our standard of review of sentencing is set forth in R.C. 2953.08(G)(2):

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence

and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶12} The trial court found consecutive sentences were necessary to protect the public from future crime or to punish Appellant, and consecutive sentences are not disproportionate to the seriousness of Appellant's misconduct and the danger this misconduct poses to Appellant and the public. The trial court further found the offenses were committed as more than one course of conduct and the harm caused by the multiple offenses is so great or unusual no single prison term adequately reflects the seriousness of the misconduct.

{¶13} The trial court stated at the plea and sentencing hearing:

THE COURT: Okay. Who's the victim? The victim is every single retail establishment that you walk into. It's also you victimizing yourself with drugs. It's also society. Every time you steal something, it costs taxpayers

– it costs individuals that walk into these stores an extra fee because of all the crap that's successfully stolen from a store….

I've never seen a worse theft offense record in my entire life. I've been on the bench now for 17 years. It's the worst theft-related criminal record I've ever seen. By far, I've never seen one even close that was as bad as yours is. You have been victimizing establishments for 25 years plus…

It's a low level felony, but holy smokes, getting 70 prior theft-related misdemeanor cases and 30 prior – well, inclusive of this one – felony theft-related offenses.

The Court today – I've heard your argument Mr. Renne. It's too little too late. With this kind of a record, you know what, I'm just going to protect the public from you, period.

**{¶14}** Tr. 25-28.

**{¶15}** Appellant's prior offense record encompassed twelve pages of the presentence investigation, and dated back to 1985, including numerous misdemeanor and theft offenses, drug-related and OVI convictions. We find the trial court did not err in determining consecutive sentences were appropriate in the instant case.

**{¶16}** The second assignment of error is overruled.

III.

**{¶17}** In his third assignment of error, Appellant argues the trial court erred in failing to orally advise him of post-release control during the sentencing hearing.

**{¶18}** The trial court in the instant case advised Appellant of post-release control during the guilty plea portion of the hearing. There were no breaks in the hearing, and the trial court proceeded immediately to sentencing after Appellant signed the plea form. Tr. 16. When the trial court provides proper post-release control notification before accepting the defendant's guilty plea and then proceeds immediately to sentencing, the plea hearing and the sentencing hearing cannot, for purposes of the post-release control statutes, reasonably be deemed to have been conducted separately. *State v. Dardinger*, 1st Dist. Hamilton No. C-160467, 2017-Ohio-1525, ¶ 13; *State v. Russell,* 10th Dist. Franklin No. 16AP–108, 2016-Ohio-3349, ¶9. We find Appellant was properly notified of post-release control in the combined plea and sentencing hearing in the instant case.

**{¶19}** The third assignment of error is overruled.

**{¶20}** The judgment of the Fairfield County Common Pleas Court is affirmed.

By: Hoffman, J.
Baldwin, P.J. and
Wise, Earle, J. concur