**[Cite as *State v. Stamaty*, 2024-Ohio-54.]**

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| HARRY STAMATY | : | Case No. 23 CA 36 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 2022 CR 253

JUDGMENT:      Affirmed in Part, Reversed in Part, and Remanded

DATE OF JUDGMENT:      January 9, 2024

APPEARANCES:

For Plaintiff-Appellee

MARK A. BALAZIK
219 West Main Street
Suite 101

For Defendant-Appellant

CHRISTOPHER BAZELEY
9200 Montgomery Road
Suite 8A

Lancaster, OH  43130                                    Cincinnati, OH  45242

*King, J.*

{¶ 1}   Defendant-Appellant Harry Stamaty appeals the July 11, 2023 judgment of the Fairfield County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   A recitation of the underlying facts is unnecessary for our resolution of this appeal. On June 16, 2022 the Fairfield County Grand Jury returned an indictment charging Stamaty with one count each of rape, a felony of the first degree, aggravated burglary, a felony of the first degree, violating a protection order, a felony of the third degree, and domestic violence, a felony of the third degree.

{¶ 3}   Following negotiations with the state, on July 7, 2023, the state dismissed the rape charge in exchange for Stamaty's pleas of guilty to the remaining charges. During the plea hearing the trial court advised Stamaty he would be subject to post-release control (PRC) upon his release from prison, the terms of his post-release control, and the fact that his post-release control would be mandatory. The trial court further provided Stamaty with the five required notifications pursuant to the Reagan Tokes Law, R.C. 2929.19(B)(2)(c)(i)-(v). Transcript of hearing (T.) 6-9. Stamaty then waived his right to a separate sentencing hearing and agreed to be sentenced immediately following the trial court's acceptance of his pleas. T. 12-13. He was subsequently sentenced to an indefinite prison term of 6-9 years.

{¶ 4}   On October 11, 2023 we granted Stamaty's motion for delayed appeal. The matter is now before this court for consideration. Stamaty raises two assignments of error as follow:

I

{¶ 5}   "THE TRIAL COURT FAILED TO PROPERLY ADVISE STAMATY OF HIS RIGHTS UNDER THE REAGAN TOKES ACT AS REQUIRED BY R.C. 2929.19 "

II

{¶ 6}   "THE TRIAL COURT FAILED TO PROPERLY IMPOSE POST RELEASE CONTROL (PRC)."

I

{¶ 7}   In his first assignment of error, Stamaty argues that during sentencing, the trial court failed to provide him with the required statutory notifications regarding his indefinite prison term pursuant to R.C. 2929.19(B). We disagree.

{¶ 8}   Pursuant to R.C. 2929.19(B)(2)(c)(i-v), when imposing a non-life felony indefinite prison term, a trial court must notify an offender of all of the following:

> (i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;
>
> (ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a

hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

{¶ 9}   Our review of the record confirms the trial court properly notified Stamaty regarding his indefinite sentence during its plea colloquy. T. 7-9. Stamaty then waived his right to a separate sentencing hearing via a written plea of guilty and waiver. T. 12-13. The trial court did not repeat the same notifications during the sentencing phase of the hearing. This court has previously found, however, "[w]hen the trial court provides proper post-release control notification before accepting the defendant's guilty plea and then proceeds immediately to sentencing, the plea hearing and the sentencing hearing cannot, for purposes of the post-release control statutes, reasonably be deemed to have been conducted separately." *State v. Renne*, 5th Dist. Fairfield No. 2020CA00036, 2021-Ohio-2648 ¶ 18 citing *State v. Dardinger*, 1st Dist. Hamilton No. C-160467, 2017-Ohio-1525, ¶ 13; *State v. Russell*, 10th Dist. Franklin No. 16AP–108, 2016-Ohio-3349, ¶ 9. We find the same is true regarding the notifications required before imposing an indefinite sentence. We therefore find Stamaty was properly notified of the appropriate factors regarding his indefinite sentence.

{¶ 10} The first assignment of error is overruled.

II

{¶ 11} In his second assignment of error, Stamaty argues the trial court failed to advise him of the term of his post-release control and the consequences for violating post-release control during the sentencing hearing. We agree in part and disagree in part.

{¶ 12} During sentencing, a trial court must provide an offender with certain notifications regarding post-release control. Recently, in *State v. Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, 190 N.E.3d 610, ¶ 11, the Supreme Court of Ohio stated:

It is established that "a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23, overruled on other grounds by *Harper*. The trial court must advise the offender at the sentencing hearing of the term of supervision, whether postrelease control is discretionary or mandatory, and the consequences of violating postrelease control. See *Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, at ¶ 11. Among other consequences, an offender's violation of a postrelease-control sanction or condition may result in the APA imposing a prison term on the offender. R.C. 2967.28(F)(3). However, the maximum cumulative prison term for all violations under R.C. 2967.28(F)(3) "shall not exceed one-half" of the stated prison term originally imposed.

{¶ 13} Our review of the record reveals that during the plea colloquy, Stamaty was advised of the term of supervision for each count, and that supervision was mandatory for each count. T. 6-7. As noted in our first assignment of error, when the trial court proceeds immediately to sentencing, "the plea hearing and the sentencing hearing cannot, for purposes of the post-release control statutes, reasonably be deemed to have been conducted separately." *Renne,* supra. We therefore find Stamaty was properly advised of the term and mandatory nature of his post-release control. The trial court failed, however, to advise Stamaty of the consequences for violating post-release control either

during the plea colloquy or during sentencing. Accordingly, we sustain Stamaty's second assignment of error, reverse the trial court's judgment, and remand for resentencing with the proper notification of post-release control. We affirm the trial court's judgment in all other respects.

{¶ 14} Judgment reversed in part and remanded for resentencing.

By King, J.,

Hoffman, P.J. and

Wise, J. concur.